On Transfer from the Indiana Court of Appeals, No. 49A02-1104-CR-291
DICKSON, Chief Justice.
The defendant, Walter Lyles, has appealed his conviction for misdemeanor Criminal Trespass, contending that there was insufficient evidence to support any inference that he lacked a contractual interest in the property upon which he is accused of trespassing. We hold that there was sufficient evidence to support his conviction.
The underlying facts of the case are not in dispute. On December 3, 2010, the defendant visited a bank branch located at 2600 West Michigan Street in Indianapolis, Indiana. The defendant, an account holder of the bank, was seeking to obtain a *142 “print-out” of his account for free from one of the bank’s tellers. Tr. at 17. Per its policy, the bank refused to give the defendant a free “print-out” and instead offered to give the defendant a “statement” for a $6 fee. Tr. at 6. A manager explained the bank’s policy to the defendant, but the defendant persisted in his request and became “irate and disrespectful.” Tr. at 8. The manager then asked the defendant to leave the bank and called the police when the defendant refused. The police officer who responded to the bank’s call arrested the defendant after first asking the defendant to leave multiple times.
The State charged the defendant with Criminal Trespass as a class A misdemeanor under Indiana Code Section 35-43-2-2. The case was tried before a commissioner, who found the defendant guilty of misdemeanor Criminal Trespass. The defendant then initiated this appeal of his conviction, claiming insufficient evidence. The Court of Appeals reversed the trial court, vacating the conviction. Lyles v. State, 956 N.E .2d 180 (Ind.Ct.App.2011). We granted transfer and now affirm the defendant’s conviction for Criminal Trespass.
On appeal, the defendant’s only contention is that there was insufficient evidence to convict him of Criminal Trespass as charged because he contends that there was no evidence from which the trier of fact could infer that he lacked a contractual interest in the real property of the bank.
An accused person’s right to Due Process of Law obliges the State to prove every element of the charged offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560, 571 (1979); Adkins v. State, 887 N.E .2d 934, 936-37 (Ind.2008). When reviewing a claim of insufficient evidence, an appellate court neither reweighs the evidence nor judges the credibility of the witnesses as this is the exclusive province of the jury. Fleck v. State, 508 N.E.2d 539, 540 (Ind.1987); Deal v. State, 140 Ind. 354, 356-61, 39 N.E. 930, 930-32 (1895) (establishing standard of review for claims of insufficient evidence). We consider only the evidence most favorable to the State together with all reasonable and logical inferences which may be drawn therefrom. Fleck, 508 N.E.2d at 540; Lee v. State, 156 Ind. 541, 545-46, 60 N.E. 299, 301 (1901) (requiring all reasonable inferences to be construed in favor of verdict). “If a reasonable finder of fact could determine from the evidence that the defendant was guilty beyond a reasonable doubt, then we will uphold the verdict.” Justice v. State, 530 N.E.2d 295, 296 (Ind.1988) (emphasis added).
The Criminal Trespass statute criminalizes several categories of conduct relating to one person’s interference with another’s property. See generally Ind. Code § 35-43-2-2. In this case, the State charged the defendant with Criminal Trespass for violating Section 35-43-2-2(a)(2), which makes it a crime for a person who, “not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person or that person’s agent.”[1] Thus, the State must prove that the defendant (1) knowingly or intentionally (2) refused to leave (3) the real property (4) of another person (5) after having been asked to leave (6) by the person or the person’s agent (7) when such defendant lacked a *143 contractual interest[2] in the real property.[3] See id. § 35-43-2-2(a)(2).
In proving the lack of a contractual interest, the State need not “disprove every conceivable contractual interest” that a defendant might have obtained in the real property at issue. Fleck, 508 N.E.2d at 541. Were the State required to negate every conceivable contractual interest, it would face a potentially impossible burden to identify and refute every possible contractual interest a defendant might have in the property. This is more than due process requires. See Jackson, 443 U.S. at 316, 99 S.Ct. at 2787, 61 L.Ed.2d at 571 (requiring only that the State prove each material element of the offense “beyond a reasonable doubt”). Thus, as Fleck recognizes, some contractual interests need not be disproven because they do not create any reasonable doubt that a defendant lacks a contractual interest in the property. For this reason, the State satisfies its burden when it disproves those contractual interests that are reasonably apparent from the context and circumstances under which the trespass is alleged to have occurred.
At trial, there was evidence that the defendant was neither an owner nor an employee of the bank as well as evidence that the bank manager had authority to ask customers to leave the bank premises. This evidence, taken together, refuted each of the most reasonably apparent sources from which a person in the defendant’s circumstances might have derived a contractual interest in the bank’s real property: as an owner, as an employee, and as an account holder. Thus, we hold that there was sufficient evidence from which a reasonable jury could infer that the defendant did not have a contractual interest in the bank’s real property.
*144 Conclusion
We hold that there was sufficient evidence to support the defendant’s conviction for Criminal Trespass and affirm the trial court.
SULLIVAN, DAVID, and MASSA, JJ., concur.
RUCKER, J., dissenting with separate opinion.

. The word "property" as used in the term "contractual interest in the property” refers to the real property from which the defendant refused to leave, as indicated by the use of the article "the" before the word "property.” See Ind.Code § 35-43-2-2(a)(2).

. The term "contractual interest in the property” is not defined by the Criminal Trespass statute or elsewhere in the Indiana Code. When interpreting a statute, we presume that the legislature intends the common and ordinary meaning of the words it uses. Spaulding v. Int'l Bakers Servs., Inc., 550 N.E.2d 307, 309 (Ind.1990); Foremost Life Ins. Co. v. Dep't of Ins., 274 Ind. 181, 186, 409 N.E.2d 1092, 1096 (Ind.1980). The word "interest” is used as a noun in Section 35-43-2-2 and is modified by the adjective "contractual.” See Ind. Code § 35-43-2-2(a)(2). An "interest” is a "right, title, or legal share in something.” Webster’s Third New International Dictionary 1178 (1976). Something is "contractual” if it is "of, relating to, or implying a contract,” and a contract is "an agreement between two or more persons or parties to do or not to do something.” Id. at 494-95. Therefore, a "contractual interest in the property” is a right, title, or legal share of real property arising out of a binding agreement between two or more parties.

. Although the State disputed the issue at oral argument, the lack of a contractual interest in the real property at issue is a material element of the offense that the State must prove beyond a reasonable doubt as part of its pri-ma facie case. See Goodpaster v. State, 273 Ind. 170, 175, 402 N.E.2d 1239, 1242 (1980) (holding that the lack of a contractual interest is a material element of criminal trespass under Indiana Code Section 35-43-2-2(a)(5), which reads "not having a contractual interest in the property, knowingly or intentionally enters the dwelling of another person without the person’s consent”); accord Fleck, 508 N.E.2d at 540. This conclusion is evident from the fact that, in determining whether a statutory exception is a material element or an affirmative defense, we assess the location of the exception relative to the location of the definition of the principal offense. If the exception is closely connected with the clause creating the offense, the exception is a material element of that offense and must be proven by the State. Russell v. State, 50 Ind. 174, 174 (1875). If, however, the exception is contained in a subsequent clause or statute, the exception is an affirmative defense that must be raised by the defendant. Id. Here, the contractual interest exception is part of the clause creating the offense and thus is properly considered a material element of Criminal Trespass under Section 35-43-2-2(a)(2).