**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BRIAN J. MAY**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana



FILED
Oct 31 2012, 9:27 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN HOOK, SR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1204-CR-203 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jane Woodward Miller, Judge
Cause No. 71D01-1109-FC-207

**October 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Steven Hook, Sr., appeals his conviction for Class C felony battery with a deadly weapon.[1] We affirm.

**Issue**

The sole issue before us is whether there is sufficient evidence to support Hook, Sr.'s, conviction.

**Facts**

The evidence most favorable to the conviction is that on the evening of September 4, 2011, Hook, Sr., was at Murphy's Bar in South Bend with his son, Steven Hook, Jr. ("Steven"), and Steven's then-girlfriend, Kayla Kerr. Also at the bar that evening were Brian Putz and Chris Jakubowicz. At some point, Kerr began talking to Putz and Jakubowicz and asked them to give her a ride home, and Putz and Jakubowicz agreed to do so.

After leaving the bar, Jakubowicz drove Putz and Kerr in Putz's truck to a nearby 7-Eleven convenience store to buy some snack foods. Hook, Sr., and Steven also drove to the 7-Eleven in their truck. Steven followed Jakubowicz into the store and yelled obscenities at him. Jakubowicz said he did not want any trouble, made his purchases, and

---

[1] The charging information and abstract of judgment state that Hook, Sr., was charged with and convicted of "aiding battery." There is no such offense. Hook, Sr., was charged with and convicted as an accomplice in committing Class C felony battery, but there is no difference between the liability of an accomplice and principal under Indiana law and the statute governing accomplice liability—Indiana Code Section 35-41-2-4—does not establish it as a separate crime. Taylor v. State, 840 N.E.2d 324, 333 (Ind. 2006).

2

returned to Putz's truck. Steven approached the truck and reached through its windows, attempting to punch Putz and Jakubowicz. Kerr, meanwhile, had left the vehicle.

Finally, Jakubowicz started to drive away from the 7-Eleven. However, he and Putz noticed that their cell phones, which had been placed in the truck's open center console, were missing. Suspecting that Steven had taken them, Jakubowicz returned to the 7-Eleven, where they saw Steven holding up a cell phone and saying, "I got your phone." Tr. p. 57. Putz got out of the truck, asked for his and Jakubowicz's phones back, and Steven immediately approached Putz and punched him in the face. The two men began wrestling in the 7-Eleven parking lot, during which Hook, Sr., went to his truck, retrieved a baseball bat, and gave it to Steven. Steven then repeatedly struck Putz with the bat. As the fight was ending, a nearby onlooker managed to flag down a passing police officer.

The State charged Hook, Sr., with Class C felony battery with a deadly weapon, specifically alleging that he had aided Steven in committing battery by providing him with the baseball bat. After a jury trial on March 5-6, 2012, Hook, Sr., was convicted as charged. He now appeals.

**Analysis**

Hook, Sr.'s, sole argument is that there is insufficient evidence to support his conviction. When reviewing a claim of insufficient evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses, because this is the exclusive province of the fact finder. Lyles v. State, 970 N.E.2d 140, 142 (Ind. 2012).

3

We consider only the evidence most favorable to the State together with all reasonable and logical inferences that may be drawn from that evidence. Id. If a reasonable finder of fact could have found from the evidence that the defendant was guilty beyond a reasonable doubt, we will uphold the conviction. Id.

Hook, Sr., essentially concedes that there is sufficient eyewitness evidence that he retrieved a baseball bat from his truck and gave it to his son while he was fighting with Putz. Regardless, he contends there is insufficient evidence that he intended to aid Steven in the commission of battery.[2] The accomplice liability statute provides that "[a] person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense . . . ." Ind. Code § 35-41-2-4. In assessing whether there is sufficient evidence that a person aided another in the commission of a crime, we consider the following four factors: (1) presence at the scene of the crime; (2) companionship with another engaged in criminal activity; (3) failure to oppose the crime; and (4) a defendant's conduct before, during, and after the occurrence of the crime. Woods v. State, 963 N.E.2d 632, 634 (Ind. Ct. App. 2012).

Hook, Sr., notes there is no evidence that he verbally encouraged his son to beat Putz with the bat and that he advised his son to submit to the police officer when he arrived on the scene immediately after the fight was over. Regardless, Hook, Sr., supplied the deadly weapon—the bat—to his son when he was in the middle of a fight

---

[2] Hook, Sr., does argue that he gave the bat to his son to protect him from either Putz or Jakubowicz brandishing a beer bottle. However, the only testimony that either Putz or Jakubowicz was "armed" with a beer bottle was from Kerr, who testified for the defense. The jury was not required to believe her testimony.

4

with Putz and did not nothing to discourage Steven from using it. We readily conclude that the jury reasonably could have inferred that Hook, Sr., fully knew and expected that Steven would use the bat against Putz. Given the relationship of the parties, Hook, Sr.'s, conduct, and the lack of evidence that Hook, Sr., discouraged his son from using the bat against Putz, there is sufficient evidence of Hook, Sr.'s, accomplice liability for Class C felony battery with a deadly weapon.

## Conclusion

There is sufficient evidence to support Hook, Sr.'s, conviction. We affirm.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.