**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PATRICIA CARESS MCMATH**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY LEECH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1207-CR-559 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda Brown, Judge
Cause No. 49F10-1108-CM-054845

**March 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Following a bench trial, Gregory Leech was convicted of trespass, a Class A misdemeanor; battery, a Class B misdemeanor; and public intoxication, a Class B misdemeanor. On appeal, Leech raises the sole issue of whether there was sufficient evidence to support his convictions for trespass and battery. Concluding sufficient evidence exists, we affirm.

## Facts and Procedural History

The underlying facts are not in dispute. On August 2, 2011, Brenda Parrott was shopping at a Dollar Tree store in Indianapolis. While she was leaned over to unload her cart at the check-out lane, Leech approached to ask the cashier a question. Leech was within a foot of Parrott when he leaned over, cleared his throat, and coughed in Parrott's face with an open mouth. Parrott felt wetness on her face. The store's assistant manager told Leech to leave the store. Leech started to leave but then turned around and came back. The store employees called the police, and another customer of the store physically forced Leech out of the store before the police arrived.

Officer Richard Eldridge of the Indianapolis Metropolitan Police Department responded and found Leech walking on the side of the road in the vicinity of the store. Leech was walking with an open gait and had an unsteady balance, slurred speech, blood-shot eyes, and an odor of alcohol from his breath and about his person. Officer Eldridge advised Leech of his Miranda rights, and Leech told Officer Eldridge that he had been consuming vodka and had been at the Dollar Tree store. Officer Eldridge accompanied Leech back to the store where the store employees identified Leech as the man who had caused the disturbance.

The State charged Leech with criminal trespass, a Class A misdemeanor; battery, a Class B misdemeanor; and public intoxication, a Class B misdemeanor. A bench trial was held on June 15, 2012, after which Leech was found guilty on all counts. Leech was sentenced to concurrent terms of sixty days for trespass, and ten days each for battery and public intoxication. Leech now appeals his convictions of trespass and battery.

<u>Discussion and Decision</u>

### I. Standard of Review

Leech contends that the evidence is insufficient to support his convictions of trespass and battery. When reviewing the sufficiency of the evidence to support a criminal conviction, we neither reweigh the evidence nor judge the credibility of the witnesses. <u>Wright v. State</u>, 828 N.E.2d 904, 905-06 (Ind. 2005). It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling. <u>Id.</u> If there exists substantial evidence of probative value to support the verdict, and the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt, the verdict will remain undisturbed. <u>McHenry v. State</u>, 820 N.E.2d 124, 126 (Ind. 2005).

### II. Trespass

To prove that Leech committed the offense of criminal trespass the State was required to show beyond a reasonable doubt that Leech, having no contractual interest in the property, knowingly or intentionally refused to leave the real property of another person after having been asked to leave by the other person or that person's agent. Ind.

3

Code § 35-43-2-2(a)(2). Leech contends that there is no evidence that he lacked a contractual interest in the property.

Leech does not argue that he had a contractual interest in the property; instead he claims there is no direct evidence of the lack of a contractual interest. However, direct evidence of a defendant's lack of a contractual interest in a property is not required because "the State satisfies its burden when it disproves those contractual interests that are reasonably apparent from the context and circumstances under which the trespass is alleged to have occurred." Lyles v. State, 970 N.E.2d 140, 143 (Ind. 2012). Furthermore, our supreme court has held that, in trespass cases, the State need not "disprove every conceivable contractual interest" that a defendant may have in the property at issue. Id.

In Lyles, a bank account holder became "irate and disrespectful" when the bank employees would not provide a printout of his account free of charge, and he refused to leave the bank at the request of the bank manager and police. Id. at 142. Lyles was convicted of trespass, a Class A misdemeanor, and on appeal claimed there was no evidence that he lacked a contractual interest in the property. However, the evidence that the customer was neither an owner nor employee, taken together with the evidence that the bank manager had the authority to ask account holders to leave the premises, "refuted each of the most reasonably apparent sources from which a person in the defendant's circumstances might have derived a contractual interest in the bank's real property: as an owner, as an employee, and as an account holder." Id. at 143.

Similarly here, the testimony of the assistant manager, store clerk, and investigating officer at trial was sufficient to support the inference that Leech was neither

4

an owner nor an employee of the store. Leech further concedes that the assistant manager had the authority to ask persons to leave the premises. Thus, we hold that there was sufficient evidence from which a reasonable trier of fact could infer that Leech did not have a contractual interest in the store's real property and therefore sufficient evidence to support his conviction of trespass.

### III. Battery

To prove that Leech committed the offense of battery the State was required to show beyond a reasonable doubt that Leech knowingly or intentionally touched another person in a rude, insolent, or angry manner. Ind. Code § 35-42-2-1(a). Leech contends that there is no evidence that he intended to touch Parrott in a rude, insolent, or angry manner when he coughed.

"Intent is a mental function." Lush v. State, 783 N.E.2d 1191, 1196 (Ind. Ct. App. 2003). A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so. Ind. Code § 35-41-2-2(a). A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so. Ind. Code § 35-41-2-2(b). Absent an admission by the defendant, intent must be determined from a consideration of the defendant's conduct and the natural and usual consequences therof. Lush, 783 N.E.2d at 1196. The trier of fact must resort to reasonable inferences based upon an examination of the surrounding circumstances to determine whether, from the person's conduct and the natural consequences of what might be expected from that conduct, a showing or inference of the intent to commit that conduct exists. Id.

Here, it is undisputed that Leech approached Parrott, and when he was within close proximity to her he leaned over and coughed in her face with an open mouth. The natural consequence of what might be expected from coughing with an open mouth is that phlegm, sputum, germs, and other objects from the mouth will be ejected. Thus, it is reasonable to infer that when Leech placed himself in close proximity to Parrott and then coughed with an open mouth, he knowingly or intentionally touched Parrott. If the facts were different, such that Leech had made an attempt to cough with a closed mouth, or to look away from Parrott in an attempt to avoid contact with her face, then the inferences drawn may have been different.

The trier of fact was free to draw reasonable inferences from the evidence presented to determine Leech's intent when he coughed in Parrott's face. We believe that there is sufficient evidence from which the trier of fact could conclude beyond a reasonable doubt that Leech knowingly or intentionally touched Parrott and committed the offense of battery.

## Conclusion

Sufficient evidence supports Leech's convictions of trespass and battery.

Affirmed.

MAY, J., and PYLE, J., concur.

6