**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EDDIE HUGHES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1307-CR-334 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Amy M. Jones, Judge
Cause No. 49F08-1303-CM-19538

**February 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Eddie Hughes appeals his conviction for criminal trespass, as a Class A misdemeanor, following a bench trial. He presents a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction. We affirm.

## FACTS AND PROCEDURAL HISTORY

In October 2010, Hughes' mother, Yvonne, moved into a rental house in Marion County. Hughes was not living with Yvonne at that time, but he helped her move in. Yvonne listed Hughes as her son and a "possible occupant" when she signed the lease agreement. Transcript at 9. While Hughes has lived with friends since 2009, he lived with Yvonne for approximately two weeks in August 2012. After that time, Yvonne told Hughes that he was not welcome at her house anymore.

On March 23, 2013, Yvonne observed Hughes arguing with a woman while the two were standing in Yvonne's driveway. Yvonne approached Hughes and the woman and told them to leave the premises, and they complied. Yvonne called police to report the incident, but Hughes and the woman were gone by the time an officer with the City of Lawrence Police Department had responded. Yvonne told Officer Michael Sostre that she did not want Hughes on her property. Other responding officers then found Hughes walking through the neighborhood and told him to stay away from Yvonne's house. A short time later, Hughes returned to Yvonne's house and knocked on her front door. Yvonne called the police, and when officers arrived at her house, they arrested Hughes.

The State charged Hughes with criminal trespass, as a Class A misdemeanor. The trial court found him guilty as charged and entered judgment and sentence accordingly. This appeal ensued.

**DISCUSSION AND DECISION**

When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Wright v. State, 828 N.E.2d 904, 905-06 (Ind. 2005). It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling. Id. at 906.

To prove criminal trespass, as a Class A misdemeanor, the State was required to show that Hughes knowingly or intentionally entered the real property of another person, namely, Yvonne, after having been denied entry by Yvonne or her agent and/or[1] that Hughes knowingly or intentionally interfered with the use or possession of Yvonne's property without her consent. See Ind. Code § 35-43-2-2. In addition, the State had to prove that Hughes did not have a contractual interest in the property. See id. The term "'contractual interest,' as it is used in the criminal trespass statute, refers to the right to be present on another's property, arising out of an agreement between at least two parties

---

[1] The State charged Hughes in the alternative under two subsections of the criminal trespass statute.

3

that creates an obligation to do or not to do a particular thing." Taylor v. State, 836 N.E.2d 1024, 1026 (Ind. Ct. App. 2005), trans. denied.

Hughes' sole contention on appeal is that the State did not prove his lack of contractual interest to be present at Yvonne's residence on March 23, 2013. Hughes maintains that, "[i]f his name was on the lease as indicated by his mother, it would seem that[,] as an additional occupant of the house, he continued to have some interest in that house until terminated by his mother or the Lessor of the property." Appellant's Brief at 5-6. In sum, Hughes asserts that, because Yvonne included his name on the lease, he had "the right to be there." Id. at 7. We cannot agree.

As our supreme court explained in Lyles v. State, 970 N.E.2d 140, 143 (Ind. 2012),

> [i]n proving the lack of a contractual interest, the State need not "disprove every conceivable contractual interest" that a defendant might have obtained in the real property at issue. Fleck[ v. State], 508 N.E.2d [539,] 541 [(Ind. 1987)]. Were the State required to negate every conceivable contractual interest, it would face a potentially impossible burden to identify and refute every possible contractual interest a defendant might have in the property. This is more than due process requires. See Jackson[ v. Virginia], 443 U.S. [307,] 316 [(1979)] (requiring only that the State prove each material element of the offense "beyond a reasonable doubt"). Thus, as Fleck recognizes, some contractual interests need not be disproven because they do not create any reasonable doubt that a defendant lacks a contractual interest in the property. For this reason, the State satisfies its burden when it disproves those contractual interests that are reasonably apparent from the context and circumstances under which the trespass is alleged to have occurred.

In Lyles, our supreme court held that the State had presented sufficient evidence to support a reasonable inference that the defendant did not have a contractual interest in a

4

bank's premises despite his status as an account holder with a positive balance with the bank. Id.

Here, Yvonne testified that, when she executed the lease agreement for her house in 2010, she had listed Hughes as a "possible occupant" and that Hughes had not lived with her other than a couple of weeks in August 2012. Transcript at 8. Yvonne's lease was not admitted into evidence. Thus, Hughes cannot show whether his status as a "possible occupant" gave him any legal right to use the premises or otherwise gave him a contractual interest in the property. Regardless, Hughes testified that he was homeless at the time of his arrest and that his only reason for going to Yvonne's house was to use an electrical outlet to charge his cell phone. Nothing in Hughes' testimony indicates that he believed that he had any contractual interest in Yvonne's house. And Hughes admitted that Yvonne had asked him to leave the house after he showed up there on March 23. Hughes' contentions on appeal amount to a request that we reweigh the evidence, which we will not do.

We hold that the evidence supports reasonable inferences that Hughes knowingly or intentionally returned to Yvonne's house after having been denied entry by Yvonne and that Hughes did not have a contractual interest in the property. The State presented sufficient evidence to prove criminal trespass, as a Class A misdemeanor.[2]

Affirmed.

BAKER, J., and CRONE, J., concur.

---

[2] Because we hold that the evidence is sufficient to prove that Hughes entered Yvonne's property after having been denied entry by Yvonne, we need not address whether the evidence was sufficient to show that Hughes also interfered with Yvonne's use or possession of the property without her consent.