FILED

Mar 24 2016, 9:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Brian J. Johnson
Danville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jennifer L. Frink,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 24, 2016

Court of Appeals Case No.
73A05-1507-CR-761

Appeal from the Shelby Superior
Court

The Honorable David N. Riggins,
Judge

Trial Court Cause No.
73D02-1411-F6-139

**Crone, Judge.**

## Case Summary

In spring 2014, the Shelbyville Central School Corporation (the "School Corporation") terminated the employment of Jennifer Frink after an eighteen-year-old male student alleged that he and Frink, a secretary at Shelbyville High

School, were having an inappropriate sexual relationship. In addition to terminating Frink's employment, the School Corporation instructed the Shelbyville Police Department to issue a criminal trespass warning to Frink advising her that she was prohibited from coming onto all School Corporation property. In fall 2014, Frink entered onto the property of Coulston Elementary School, part of the School Corporation, and the State subsequently charged her with level 6 felony criminal trespass.

[2] Frink filed a motion to dismiss the charge pursuant to Indiana Code Section 35-34-1-4(a)(5). Specifically, Frink alleged that she cannot be guilty of criminal trespass because she had a contractual interest in School Corporation property by virtue of her status as a parent of children living within the school system. She also claimed that the School Corporation's no-trespass warning violated her substantive and procedural due process rights. Following a hearing, the trial court denied the motion. The trial court certified its order at Frink's request, and we accepted jurisdiction of this interlocutory appeal. The sole issue presented for our review is whether the trial court abused its discretion in denying the motion to dismiss. Finding that the State alleged sufficient facts to disprove that Frink had a contractual interest in School Corporation property and that her substantive and procedural due process claims are not proper issues for the motion to dismiss, we affirm.

## Facts and Procedural History

[3] In January 2013, Frink became employed by the School Corporation as a secretary in the athletic office at Shelbyville High School (the "High School").

In early May 2014, a teacher at the High School overheard students discussing the "sexual, inappropriate relationship" that was going on between Frink and an eighteen-year-old male student. Tr. at 20. The teacher reported what she overheard to the High School principal, Kathleen Miltz. Miltz directed assistant principal Andy Hensley to speak with the male student.

[4] The student disclosed to Hensley that he and Frink had sexual intercourse on multiple occasions during school hours, both on and off school property. The student stated that on some occasions, Frink had removed him from school property in her vehicle during school in order to have intercourse. Hensley notified Miltz, the student's parents, and the High School resource officer, Shelbyville Police Sergeant Bart Smith, about what he had learned. Miltz notified the Department of Child Services as well as the superintendent of the School Corporation. After conferring with the superintendent, Miltz decided that the correct course of action would be to immediately terminate Frink's employment and to give her a no-trespass warning.

[5] Miltz and Sergeant Smith met with Frink. Miltz informed Frink about the student's allegations. Frink "didn't try to defend herself" but simply said, "Not very good." *Id.* at 22. Miltz terminated Frink's employment. Also, at Miltz's direction, Sergeant Smith advised Frink that she was not to come onto the property of the School Corporation, and he gave her a document entitled "Criminal Trespass Warning." Appellant's App. at 43. The document cites Indiana Code Section 35-43-2-2 and explains the elements of the offense of

criminal trespass. Frink acknowledged her understanding that she was not to be on any School Corporation property.

[6] Approximately one week later, on May 18, 2014, Miltz contacted Officer Edward Hadley of Shelbyville Police Department to report that Frink had been on School Corporation property despite the no-trespass warning. Officer Hadley subsequently went to Frink's residence to speak with her and to again advise her of the no-trespass warning. Frink stated that she understood that she was not to come onto any School Corporation property.

[7] Thereafter, on Friday, November 14, 2014, Frink went to Coulston Elementary School, a school within the School Corporation. She completed forms to transfer her children from their prior school to Coulston. At the time of Frink's visit, staff at Coulston were not aware of the no-trespass warning. Coulston staff later learned of the no-trespass warning when they requested the children's records from the prior school. Accordingly, Coulston staff notified the Shelbyville Police Department. Officer Hadley was dispatched to the scene and made a report of Frink's prohibited visit. Coulston staff informed police that Frink would likely return the following Monday to meet the teachers. Frink and her husband indeed returned to Coulston the following Monday to meet the children's teachers. Frink talked, drank coffee, and remained at the school for approximately ten minutes. Coulston staff again notified the Shelbyville Police Department. Officer Hadley responded to the scene, but Frink left before he arrived.

[8] The State charged Frink with one count of level 6 felony criminal trespass based on her entry onto the Coulston Elementary School property on November 14, 2104. Frink filed a motion to dismiss the information pursuant to Indiana Code Section 35-34-1-4(a). Following a hearing, the trial court denied the motion to dismiss. At Frink's request, the trial court certified its order for interlocutory appeal. We accepted jurisdiction, and this interlocutory appeal ensued.

# Discussion and Decision

## Standard of Review

[9] Frink filed her motion to dismiss pursuant to Indiana Code Section 35-34-1-4(a)(5), which provides that "[t]he court may, upon motion of the defendant, dismiss the indictment or information" upon the grounds that "[t]he facts stated do not constitute an offense." We review a trial court's denial of a motion to dismiss for an abuse of discretion, and we reverse only where the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Delagrange v. State*, 951 N.E.2d 593, 594 (Ind. Ct. App. 2011), *trans. denied*. Generally, when a defendant files a motion to dismiss an information, the facts alleged in the information are to be taken as true. *Lebo v. State*, 977 N.E.2d 1031, 1035 (Ind. Ct. App. 2012). "Questions of fact to be decided at trial or facts constituting a defense are not properly raised by a motion to dismiss." *Delagrange*, 951 N.E.2d at 594-95. A trial court considering a motion to dismiss need not rely entirely on the text of the charging information but can hear and consider evidence in determining whether a defendant can be charged with the crime alleged. *State v. Fettig*, 884 N.E.2d 341, 343 (Ind. Ct. App. 2008).

## Section 1 – The State alleged sufficient facts to disprove that Frink had a contractual interest in School Corporation property.

[10] The State charged Frink with criminal trespass pursuant to Indiana Code Section 35-43-2-2(b)(1), which provides that a person who "not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the other person or that person's agent" commits class A misdemeanor criminal trespass. The offense becomes a level 6 felony if committed on school property. Ind. Code § 35-43-2-2(b).

[11] Frink claims that the facts stated here do not constitute the offense of criminal trespass because the State did not allege sufficient facts to disprove that she had a contractual interest in the Coulston Elementary School property. Specifically, she argues that she had a contractual interest in that property "arising out of her status as a legal custodial parent of two children living in the Shelbyville School system" for whom "the Indiana Constitution guarantees a public education."[1] Appellant's Br. at 10,12. We must disagree.

---

[1] Article 8, Section 1 of the Indiana Constitution provides in relevant part that "it shall be the duty of the General Assembly to encourage, by all suitable means, moral, intellectual, scientific, and agricultural improvement; and to provide, by law, for a general and uniform system of Common Schools, wherein tuition shall be without charge, and equally open to all." In accordance with this "constitutional mandate," our supreme court has "long recognized that '[t]he General Assembly of this state is under a constitutional imperative duty to provide by law for a general and uniform system of common schools.'" *Hoagland v. Franklin Twp. Cmty. Sch. Corp.*, 27 N.E.3d 737, 742 (Ind. 2015) (citation omitted).

[12] Noting that the phrase "contractual interest in the property" is not defined by the criminal trespass statute or elsewhere in the Indiana Code, our supreme court has determined that "a contractual interest in the property" should be very narrowly defined as "a right, title, or legal share of real property arising out of a binding agreement between two or more parties." *Lyles v. State*, 970 N.E.2d 140, 143 n.2 (Ind. 2012). The lack of a contractual interest in the real property at issue is a material element of the offense that the State must prove beyond a reasonable doubt. *Id.* at 143 n.3. While the State here need only to have alleged facts constituting an offense in order to survive a motion to dismiss, we note that in order to prove the offense of criminal trespass beyond a reasonable doubt, "the State need not 'disprove every conceivable contractual interest' that a defendant might have obtained in the real property at issue." *Id*. (citation omitted). Rather, the State "satisfies its burden when it disproves those contractual interests that are reasonably apparent from the context and circumstances under which the trespass is alleged to have occurred." *Id*.

[13] The facts presented by the State and taken as true indicate that Frink is a former employee of the School Corporation who knowingly or intentionally entered the real property of the School Corporation after having been specifically and repeatedly denied entry by an authorized agent of the School Corporation. The facts as alleged disprove that Frink had any right, title, or legal share of the Coulston Elementary School property arising out of a binding agreement between Frink and the School Corporation, and the lack of such contractual

interest is reasonably apparent from the context and circumstances under which the trespass is alleged to have occurred.

[14] Frink's assertion that her mere status as a parent of children within the School Corporation conferred upon her a contractual interest in the Coulston Elementary School property is made without citation to relevant authority and is unpersuasive. Indeed, *Lyles* instructs us to not think so broadly regarding what constitutes a contractual interest in real property. Moreover, even assuming Frink were correct in her assertion, we have held that the contractual interest of a student in being on school property, if there is any, is not absolute. *See A.E.B. v. State*, 756 N.E.2d 536, 540 (Ind. Ct. App. 2001), *and Taylor v. State*, 836 N.E.2d 1024, 1027 (Ind. Ct. App. 2005), *trans. denied* (2006) (each case upholding a criminal trespass conviction/delinquency adjudication against a student while assuming, without deciding, that a student of a school has a limited contractual interest in being on school property).

[15] In advocating for dismissal of the charge against her, Frink essentially asks that we declare, as a matter of law, that a parent of a student can never be charged with criminal trespass when the real property involved happens to be the student's school because the status of being a parent of a child living within the school district confers a contractual interest in school property that the State cannot disprove. Neither our legislature nor our judiciary has limited the application of our criminal trespass statute in such a way, and we will not do so here. The State has alleged sufficient facts to disprove that Frink had a contractual interest in the Coulston Elementary School property.

## Section 2 – Frink's substantive and procedural due process claims against the School Corporation are not proper issues for the motion to dismiss.

[16] In moving to dismiss the criminal trespass charge, we observe that Frink does not challenge the constitutionality of our criminal trespass statute on its face or as applied, and she does not claim that the State's prosecution of that charge, per se, would violate her constitutional rights. *See State v. Davis*, 898 N.E.2d 281, 285 (Ind. 2008) (noting that "courts have the inherent authority to dismiss criminal charges where the prosecution of such charges would violate a defendant's constitutional rights."). Instead, Frink challenges on substantive and procedural due process grounds the lawfulness of the School Corporation's act of denying her entry onto its property.[2] Specifically, she asserts that by denying her entry onto its property, the School Corporation is violating a constitutional liberty interest, namely her "ability to have reasonable and meaningful participation in the public education of her children."[3] Appellant's

---

[2] In her motion to dismiss, Frink states that "[t]he issue is whether a public school corporation can permanently ban the parent of a child residing with[in] corporation boundaries from ever setting foot on school corporation property…." Appellant's App. at 34.

[3] Although we do not reach her constitutional claims, we note that the threshold issue with any due process claim under the Fourteenth Amendment is the existence of a fundamental right or liberty interest. *See IHSAA v. Carlberg*, 694 N.E.2d 222, 242 (Ind. 1997). Frink concedes that the United States Supreme Court has never recognized that parents have a fundamental right or liberty interest to have reasonable and meaningful participation in their child's public education. What has been recognized is a parent's right to make decisions concerning "the care, custody and control of their children," which includes the right to "direct the education and upbringing" of their children. *Troxel v Granville*, 530 U.S. 57, 66 (2000) (citing *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923), and *Pierce v. Soc'y of Sisters*, 268 U.S. 510, 534-35 (1925)). This is a far cry from Frink's unrecognized claimed right to the unfettered physical entry onto School Corporation property in order to participate in her children's education.

Br. at 14. She also argues that the School Corporation is violating her procedural due process rights because it has banned her from its property for an indefinite term without a hearing and an opportunity for her to be heard on the validity of the ban. These claims, however, are misplaced.

[17] The lawfulness of the School Corporation's act of denying Frink entry onto its property and the question of whether the School Corporation is constitutionally compelled to provide procedural safeguards regarding its decision to deny a parent entry onto its property are issues not properly before us on this motion to dismiss. To prove criminal trespass in Indiana, the State need not allege or prove that a person has been "lawfully" denied entry onto the property of another, as the lawfulness of the denial is not an element of the offense. The State need only allege facts sufficient to show that the defendant, not having a contractual interest in the property, knowingly or intentionally entered the real property of another person after having been denied entry by the other person or that person's agent. Ind. Code § 35-43-2-2(b)(1). The State has clearly done so here. The School Corporation is not a party to this criminal case, and if Frink wishes to litigate the question of whether the School Corporation has violated her constitutional rights, she must do so in a civil action against the School Corporation.

[18] In sum, the State alleged sufficient facts to show that Frink, not having a contractual interest in the property, knowingly or intentionally entered the real property of the School Corporation after having been denied entry by the School Corporation or the School Corporation's agent. Accordingly, the trial

court did not abuse its discretion in denying Frink's motion to dismiss the criminal trespass charge. The order of the trial court is affirmed.

[19]     Affirmed.

Vaidik, C.J., and Bailey, J., concur.