## FOR PUBLICATION



FILED
Aug 11 2014, 10:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**HILARY BOWE RICKS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DWIGHT HAYES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1312-CR-619 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila Carlisle, Judge
The Honorable Stanley Kroh, Commissioner
Cause No. 49G03-1306-FC-41614

**August 11, 2014**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Dwight Hayes appeals his conviction for Class A misdemeanor pointing a firearm. We affirm.

## Issue

Hayes raises one issue, which we restate as whether the trial court properly rejected his proposed jury instruction.

## Facts

On April 23, 2013, Natasha McDaniel, who owns a litigation service support business, was attempting to serve legal documents on Hayes at a home in Indianapolis with NO TRESPASSING signs posted in the front windows. McDaniel parked her pickup truck, which had signs identifying her company name, an email address, and a P.O. box number, on the street in front of the house. While a friend waited in the truck, McDaniel approached the house through a gate in a waist-high chain-link fence adjacent to the public sidewalk and knocked on the front door. When no one answered the door, McDaniel asked her friend to take a picture of the address so McDaniel could document her attempt to serve Hayes. After the picture was taken, McDaniel returned to her truck, which was still parked on the street, and began completing her paperwork.

As McDaniel was completing the paperwork, a man walked into the front yard holding a gun in each hand. McDaniel got out of the truck and approached the man while remaining on the public sidewalk. McDaniel asked the man if he was Hayes, and he answered "yes." Tr. p. 37. McDaniel told him she had legal documents to serve on him. Hayes became belligerent, pointed the guns at McDaniel, and told her to get off his

2

property.  McDaniel informed Hayes that she was on a public sidewalk and did not open the gate to his yard.  Hayes told McDaniel that he would shoot her if she came back without the police.  McDaniel returned to her truck, completed her paperwork, and left.

Eventually, the State charged Hayes with Class C felony intimidation and Class D felony pointing a firearm.  During the jury trial, Hayes requested that the jury be instructed as follows:

> It is an issue whether the Defendant acted in defense of his dwelling or adjoining property.
> A person may use reasonable force, including deadly force, against another person, and does not have a duty to retreat, if he reasonably believes that the force is necessary to prevent or terminate the other person's unlawful entry of or attack on his dwelling, the land adjoining his dwelling, including buildings, used for domestic purposes, or his occupied motor vehicle.
> The State has the burden of proving beyond a reasonable doubt that the Defendant did not act in defense of his dwelling, the land adjoining his dwelling, including buildings, used for domestic purposes, or his occupied motor vehicle.

App. p. 185.  Although the trial court agreed that the proposed instruction was a correct statement of law, the trial court rejected the instruction because it was not supported by the evidence.  The jury found Hayes not guilty of the intimidation charge and guilty of the lesser-included offense of Class A misdemeanor pointing a firearm.  Hayes now appeals.

## Analysis

Hayes argues that the trial court improperly rejected his proposed jury instruction.  Instructing a jury is left to the sound discretion of the trial court, and its decision is

3

reviewed only for an abuse of discretion. <u>Washington v. State</u>, 997 N.E.2d 342, 345 (Ind. 2013). In determining whether a trial court has abused its discretion in rejecting a proposed instruction, we first determine whether the instruction is a correct statement of the law. <u>Id.</u> Then we examine the record to determine whether there was evidence present to support the instruction. <u>Id.</u> at 345-46. Finally, we determine whether the substance of the instruction was covered by another instruction or instructions. <u>Id.</u> at 346.

Indiana Code Section 35-47-4-3 provides:

> (a) This section does not apply to a law enforcement officer who is acting within the scope of the law enforcement officer's official duties or to a person who is justified in using reasonable force against another person under:
>
> > (1) IC 35-41-3-2; or
> >
> > (2) IC 35-41-3-3.
>
> (b) A person who knowingly or intentionally points a firearm at another person commits a Class D felony. However, the offense is a Class A misdemeanor if the firearm was not loaded.

Indiana Code Section 35-41-3-2(d) provides:

> A person:
>
> (1) is justified in using reasonable force, including deadly force, against any other person; and
>
> (2) does not have a duty to retreat;
>
> if the person reasonably believes that the force is necessary to prevent or terminate the other person's unlawful entry of or attack on the person's dwelling, curtilage, or occupied motor vehicle.

Hayes contends that the State's witness and a photograph of Hayes's house was sufficient to establish that he believed he needed to prevent an unlawful re-entry onto his property. We disagree. Although McDaniel had knocked on Hayes's front door in an effort to serve him with legal documents, she had returned to her truck and was completing paperwork when Hayes arrived in the front yard with two guns. At that point, McDaniel got out of her truck to talk to Hayes but remained on the public sidewalk at all times. Her friend testified she was 100% sure that McDaniel did not try to open the gate again. There simply is no evidence that McDaniel was attempting to attack or unlawfully enter Hayes's property when Hayes pointed the guns at McDaniel.

As for Hayes's argument that McDaniel unlawfully entered his property in violation of the posted NO TRESPASSING signs in the front windows of his house, even if such signs were sufficient to prohibit McDaniel from knocking on the front door, McDaniel had returned to her truck when Hayes approached with a gun in each hand. Only then did McDaniel get out of her truck and talk to Hayes while remaining on the public sidewalk. Hayes's conduct was not necessary to prevent or terminate McDaniel's entry onto his property. Furthermore, Hayes's reliance on Jadrich v. State, 999 N.E.2d 1022, 1030 (Ind. Ct. App. 2013), is misplaced because that case involved the propriety of a police officer's entry into a fenced-in backyard, which was marked with NO TRESPASSING signs and instructed visitors to use the front door only, in an attempt to

5

serve a civil protective order.  That is not the case here.  Hayes has not established that the trial court abused its discretion in denying his proposed instruction.[1]

## Conclusion

Because the evidence did not support Hayes's proposed instruction, the trial court did not abuse its discretion in rejecting it.  We affirm.

Affirmed.

BRADFORD, J., and BROWN, J., concur.

---

[1] Hayes's Reply Brief ends abruptly on page 2.  We have addressed the arguments that were presented to us.