**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARCUS WILLIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1208-CR-636 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
The Honorable Steven J. Rubick, Magistrate
Cause No. 49F10-1112-CM-87167

**March 7, 2013**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Marcus Willis ("Willis") appeals his conviction for Criminal Trespass, as a Class A misdemeanor.[1]  We reverse.

**Issue**

Willis presents two issues for review, one of which is dispositive:  whether there is sufficient evidence to support his conviction.[2]

**Facts and Procedural History**

During the evening of December 12, 2011, Marion County Sheriff's Deputy Talisha Harper ("Deputy Harper") was working off-duty as a security officer for Keystone North Apartments in Indianapolis.  At approximately 8:45 p.m., Deputy Harper encountered Willis near the leasing office.  She asked Willis if he lived on the property and he responded that he did not.

Willis produced an identification card and Deputy Harper checked it against a no-trespassing list compiled by the property owner management and carried by the security guards.  Willis's name and identifying information were on the no-trespassing list. Deputy Harper arrested Willis upon suspicion of criminal trespass and public intoxication.

On December 13, 2011, the State charged Willis with Criminal Trespass, as a Class A misdemeanor.  Willis was tried in a bench trial on July 13, 2012.  At the conclusion of the trial, Willis was found guilty as charged and sentenced to ten days imprisonment.  This

---

[1] Ind. Code § 35-43-2-2.

[2] Because of our disposition of the issue of sufficiency of the evidence, we need not reach Willis's contention that the trial court abused its discretion in the admission of evidence.

2

appeal ensued.

## Discussion and Decision

Willis was charged with violating Indiana Code section 35-43-2-2(a)(1), which provides:

A person who:

(1) not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the other person or that person's agent.

Subsection (b) provides in relevant part:

A person has been denied entry under subdivision (a)(1) of this section when the person has been denied entry by means of:
(1)    personal communication, oral or written;
(2)    posting or exhibiting a notice at the main entrance in a manner that is either prescribed by law or likely to come to the attention of the public; or
(3)    a hearing authority or court order [.]

The criminal trespass statute's purpose is to punish those who willfully or without a bona fide claim of right commit acts of trespass on the land of another. Semenick v. State, 977 N.E.2d 7, 9 (Ind. Ct. App. 2012), trans. denied.

When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009).

The State introduced evidence that Deputy Harper personally checked a no-trespassing list and observed Willis's name and identifying information thereon. In response to defense counsel's questioning on cross-examination, Deputy Harper explained the origin, contents, and dissemination of the no-trespassing list:

> The Trespass List is a document, it's a booklet if you will, of everyone that has been on the property that has been trespassed either by a security officer, any police officer that has decided to trespass anyone for any reason; and in addition to management. On this Trespass notification it has the person's full name, their date of birth, their sex, race, their social security number, the reason why they were trespassed; and then it's filed by the property and then placed on this list for us to carry.

(Tr. 8.) From this testimony and Deputy Harper's earlier testimony that she had observed Willis's name on the list, the fact-finder could reasonably infer that some event occurred that caused Willis's name and identifying information to be placed on a no-trespassing list. This list was available to security officers. However, there is a complete absence of evidence that Willis was aware of this list or that he had otherwise been denied entrance to the property in a manner required by the relevant statute.

The State must prove every element of the crime charged beyond a reasonable doubt. In re Winship, 397 U.S. 358, 361 (1970). Here, the State failed to prove a material element of Criminal Trespass within the meaning of Indiana Code section 35-43-2-2(a)(1), specifically that Willis had been "denied entry" as defined therein. As such, the State failed to show that he willfully trespassed on the property of another.

Reversed.

CRONE, J., and BRADFORD, J., concur.

4