# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2017, 12:06 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Patricia Kittrell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 31, 2017 <br><br> Court of Appeals Case No. <br> 49A02-1704-CR-845 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Steven Rubick, Magistrate <br><br> Trial Court Cause No. <br> 49G07-1510-CM-34868 |

**Pyle, Judge.**

# Statement of the Case

[1] Patricia Kittrell ("Kittrell") appeals her conviction, following a bench trial, for Class A misdemeanor criminal trespass.[1] Kittrell argues that there was insufficient evidence to support her conviction. Because there is evidence to show that Kittrell, not having a contractual interest in the property of Meijer, knowingly or intentionally entered the Meijer property after having been denied entry by Meijer employees, we affirm her conviction.

[2] We affirm.

# Issue

Whether sufficient evidence supports Kittrell's conviction.

# Facts

[3] The facts most favorable to the judgment reveal that, prior to September 7, 2015, Kittrell had worked at the Meijer store on East Washington Street in Marion County and had been "let go[.]" (Tr. Vol. 2 at 9). On September 7, 2015, Kittrell went into the Meijer store, but she did not have permission to be there. Kittrell had an "incident" with an employee, and one of the Meijer managers told her to leave the Meijer store. (Tr. Vol. 2 at 9). The manager also told the other Meijer employees that Kittrell "was not supposed to be in the

---

[1] IND. CODE § 35-43-2-2. We note that the current version of the criminal trespass statute was enacted with an effective date of July 1, 2016. Because Kittrell committed her crime in September 2015, we will apply the statute in effect at that time.

store at all." (Tr. Vol. 2 at 10). One of the Meijer employees notified the Meijer store detective and loss prevention officer, James Austin ("Austin"), that Kittrell was in the store, that she "was not welcome in the store[,]" and that she had refused to leave. (Tr. Vol. 2 at 12). Meijer employees, including Austin and manager, Tanya Terhune ("Terhune"), told Kittrell to leave the store. Kittrell refused to leave.

[4] A Meijer employee called the police, and Cumberland Police Officer Michael Crooke II ("Officer Crooke") went to the store. When Officer Crooke arrived, Kittrell was out in the parking lot with Austin, and "[t]here was a lot of chaos going on." (Tr. Vol. 2 at 27). Kittrell "cussed at" Austin, and she initially refused to leave after the police arrived. (Tr. Vol. 2 at 23). While in the parking lot, Austin told Kittrell that "she was not allowed to be on the property." (Tr. Vol. 2 at 28). Kittrell "got a very aggressive stance" and "ball[ed] up her fist" towards Austin, and Officer Crooke placed her in handcuffs. (Tr. Vol. 2 at 27). Officer Crooke told Kittrell that she would be arrested if she returned to the store, and she eventually left the store premises.

[5] On September 15, 2015, Kittrell returned to the Meijer store. A Meijer employee, Jasmine Gray ("Gray"), saw Kittrell checking out at the self-scan area. Gray "told [Kittrell] that she was not supposed to be there because, of course, she was trespassing." (Tr. Vol. 2 at 8). Kittrell left the store, and an employee called the police to report that Kittrell "who had been trespassed from the store previously" had been in the store. (Tr. Vol. 2 at 30). Officer Charles Page IV ("Officer Page") went to the Meijer and took a report from employees.

Video footage from the Meijer surveillance cameras showed that Kittrell had been in the store.

[6] Thereafter, the State charged Kittrell with Class A misdemeanor criminal trespass. On March 23, 2017, the trial court held a bench trial. The State presented testimony from Meijer employees, Gray and Austin, and from Officers Crooke and Page. The State also admitted into evidence State's Exhibit 1, the Meijer surveillance video.

[7] After the State's presentation of evidence, Kittrell's counsel moved for an involuntary dismissal pursuant to Trial Rule 41(B), arguing that there had been "no testimony that [Kittrell] was trespassed from an agent of Meijer" and no written or oral communication that "Kittrell was not able to return to the property." (Tr. Vol. 2 at 33). The trial court denied Kittrell's motion, stating that "[t]he unchallenged testimony of Detective Austin is that on September 7, 2015, he and leadership advised Ms. Kittrell she was not welcome on the property, and she was trespassed from the property." (Tr. Vol. 2 at 34).

[8] Kittrell then testified on her own behalf, and she also presented testimony from her girlfriend, Re'Gine Garrett ("Garrett"). Garrett testified that she was in the store with Kittrell on September 7 and that no one had told Kittrell to leave the store or told her that she could not return to the store. When Kittrell testified, she acknowledged that, when she was on the Meijer property on September 7, she had argued with a Meijer employee and that she had "yell[ed]" and "curs[ed]" at Austin. (Tr. Vol. 2 at 39). She also acknowledged that Austin

and two Meijer managers were outside in the parking lot with her, but she testified that they had never told her to leave the store. Kittrell testified that Officer Crooke was the only person who had told her to leave the store premises. Kittrell acknowledged that she had returned to the Meijer store on September 15. She testified that she thought that she could return because she had not been arrested and because "no one [had] told [her] that [she] could not come back[.]" (Tr. Vol. 2 at 41).

[9] The trial court found Kittrell guilty of criminal trespass as charged. The trial court imposed a 365-day suspended sentence and ordered Kittrell to stay away from the Meijer store for one year. Kittrell now appeals.

# Decision

[10] Kittrell argues that the evidence was insufficient to support her conviction for Class A misdemeanor criminal trespass.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder would find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original).

[11] The purpose of the criminal trespass statute is "to punish those who willfully or without a bona fide claim of right commit acts of trespass on the land of another." *Willis v. State*, 983 N.E.2d 670, 671 (Ind. Ct. App. 2013). The criminal trespass statute in effect at the time of Kittrell's crime, INDIANA CODE § 35-43-2-2, provided, in relevant part, that a "person who . . . not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the other person or that person's agent . . . commits criminal trespass, a Class A misdemeanor." I.C. § 35-43-2-2(b)(1). To convict Kittrell as charged, the State was required to prove beyond a reasonable doubt that Kittrell, not having a contractual interest in the property of Meijer, knowingly or intentionally entered the Meijer property on September 15, 2015, after having been denied entry by Meijer or its agents.

[12] Kittrell does not dispute that she did not have a contractual interest in Meijer or that she entered the store on September 15. Additionally, she acknowledges that the evidence reveals that Meijer employees had told her to leave the store on September 7 and that Austin had told her that "she was not allowed to be on the property." (Kittrell's Br. 9). Nevertheless, Kittrell contends that there was insufficient evidence to support her criminal trespass conviction. Kittrell contends that there was insufficient evidence of the *mens rea* element, arguing that "[w]hen [she] returned to Meijer [on September 15], she had a reasonable,

good faith belief that her denial of entry was temporary." (Kittrell's Br. 7). She also argues that the State should have been required to, but did not, present evidence that Meijer employees had "clearly communicated an indefinite ban" to Kittrell. (Kittrell's Br. 9). She contends that her conviction should be reversed because there was no evidence that Meijer employees had told her that "she was permanently banned from the property" or that she was "not allowed on the property in the future." (Kittrell's Br. 8, 10).

[13] We reject Kittrell's arguments and her assertion that there is insufficient evidence to support her criminal trespass conviction. As far as intent, the State was required to prove that Kittrell knowingly or intentionally entered the Meijer property on September 15, 2015, after having been denied entry by Meijer employees. The evidence revealed that, on September 7, a Meijer manager told Kittrell to leave the Meijer premises, and the Meijer detective/loss prevention officer, told Kittrell that "she was not allowed to be on the property." (Tr. Vol. 2 at 28).[2] Kittrell admitted that she returned to the Meijer store on September 15. Therefore, there was sufficient evidence that Kittrell possessed the requisite intent for criminal trespass because she knowingly or intentionally entered the Meijer store after having been denied entry.

---

[2] We disagree with the State's suggestion that Officer Crooke's warning to Kittrell that she had to leave the Meijer property was additional evidence that she had been denied entry to the Meijer premises. *See Glispie v. State*, 955 N.E.2d 819, 823 (Ind. Ct. App. 2011) (explaining that a police officer's oral and written warnings to a defendant not to enter a company's property—without evidence to show that the officer was an agent of the company—was not sufficient to show that an agent of the company had denied entry to the defendant), *reh'g denied*.

[14] We also reject Kittrell's argument that the denial of entry element of subsection (b)(1) of the criminal trespass statute should require that the communication of that denial of entry must specify that the ban from the property is indefinite. In regard to this element, the legislature has specifically explained that "[a] person has been denied entry under subsection (b)(1) when the person has been denied entry by means of . . . personal communication, oral or written[.]" I.C. § 35-43-2-2(c)(1).[3] "We must apply a criminal statute strictly according to its terms." *See Glispie v. State*, 955 N.E.2d 819, 823 (Ind. Ct. App. 2011), *reh'g denied*. Accordingly, we refuse Kittrell's request to engraft an additional requirement onto the criminal trespass statute regarding the denial of entry element.[4] *See, e.g.*, *Frink v. State*, 52 N.E.3d 842, 847-48 (Ind. Ct. App. 2016) (refusing the defendant's argument that the State needed to prove that a school had "lawfully" denied entry to the defendant because "the lawfulness of the denial [was] not an element of the offense" of criminal trespass).

---

[3] In addition to a personal communication, INDIANA CODE § 35-43-2-2(c) also provides that a person has been denied entry for purposes of the criminal trespass statute when the person has been denied entry by means of a written posting or court order.

[4] We also reject Kittrell's suggestion that this Court should hold that a denial of entry that is not specifically specified at a indefinite or permanent denial should "persist[] for a reasonable period of time under a totality of the circumstances, from the perspective of the person being denied entry." (Kittrell's Br. 8). We have explained that "[i]f a person has a fair and reasonable foundation for believing he has a right to be present on the property, there is no criminal trespass. *Blair v. State*, 62 N.E.3d 424, 428 (Ind. Ct. App. 2016) (citing *Olsen v. State,* 663 N.E.2d 1194, 1196 (Ind. Ct. App. 1996)). Here, however, there was no "fair and reasonable foundation" to support Kittrell's belief that the denial of entry onto Meijer property lasted only one day. *See Olsen*, 663 N.E.2d at 1196 (rejecting a defendant's claim that his refusal to leave a hotel property was justified by his "bona fide belief" that he had a right to be on the property after he had been asked to leave); *see also Blair*, 62 N.E.3d at 428 (Ind. Ct. App. 2016) (rejecting the defendant's "good faith claim" that he had a right to enter the property).

[15] The evidence presented at trial and the inferences drawn therefrom were sufficient for the trial court, as trier of fact, to conclude that Kittrell knowingly or intentionally entered Meijer's property after having been denied entry by Meijer employees. Accordingly, we affirm her criminal trespass conviction. *See, e.g.*, *Blair v. State*, 62 N.E.3d 424, 428 (Ind. Ct. App. 2016) (affirming a defendant's criminal trespass conviction where the defendant returned to a house after being told to leave and that he was not allowed to be there). *Cf. Willis*, 983 N.E.2d at 672 (reversing a defendant's criminal trespass conviction where the State failed to prove that a denial of entry had been communicated to the defendant).

[16] Affirmed.

Riley, J., and Robb, J., concur.