## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 23 2018, 9:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth A. Houdek
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

D.G.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

January 23, 2018

Court of Appeals Case No.
49A05-1708-JV-1797

Appeal from the
Marion Superior Court

The Honorable
Marilyn A. Moores, Judge
The Honorable
Geoffrey A. Gaither, Magistrate

Trial Court Cause No.
49D09-1703-JD-417

**Kirsch, Judge.**

[1] Contending that the evidence was insufficient, D.G. appeals her adjudication as a delinquent child for dealing a lookalike substance to Lysergic Acid Diethylamide (LSD) ("acid")[1]. We affirm.

## Facts and Procedural History

[2] D.G. and B.G. attended the same high school in Indianapolis. Although they had first met in fourth grade, they had not seen each other until they attended the same high school and had a class together. They were not close friends and did not see each other outside of school. D.G. told B.G that she could obtain acid from one of her friends and would sell it to him for ten dollars. On February 27, 2017, D.G. approached B.G. in the school cafeteria, told him that she had the acid, and gave B.G., who had paid her at an earlier time, a white tablet. Approximately thirty minutes later, B.G. began to feel the effects of the drug, which he described as visual and auditory changes. He was sent to the principal's office and then to the hospital.

[3] On March 20, 2017, the State filed a petition alleging D.G. to be a delinquent child for having committed dealing in a lookalike substance, a Level 5 felony if committed by an adult. Following a hearing on June 15, 2017, the juvenile court entered a true finding on June 22, 2017 and on July 20, 2017, sentenced her to a term of probation. She now appeals.

---

[1] *See* Ind. Code 35-48-4-4.6(a).

# Discussion and Decision

[4] When the State seeks to have a juvenile adjudicated to be a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of the crime beyond a reasonable doubt. *M.T.V. v. State*, 66 N.E.3d 960, 965 (Ind. Ct. App. 2016), *trans. denied*. Upon review of a juvenile adjudication, this court will consider only the evidence and reasonable inferences supporting the judgment. *Id.*

[5] Indiana Code § 35-48-4-4.5(a) provides:

> A person who knowingly or intentionally delivers or finances the delivery of any substance, other than a controlled substance or a drug for which a prescription is required under federal or state law, that:
>
> 1) is expressly or impliedly represented to be a controlled substance;
>
> 2) is distributed under circumstances that would lead a reasonable person to believe that the substance is a controlled substance; or
>
> 3) by overall dosage unit appearance, including shape, color, size, markings, or lack of markings, taste, consistency, or any other identifying physical characteristic of the substance, would lead a reasonable person to believe the substance is a controlled substance;
>
> commits dealing in a substance represented to be a controlled substance, a Level 6 felony.

[6] To convict D.G. of dealing in a lookalike substance, a Level 5 felony, the State had to prove that she: 1) knowingly or intentionally; 2) distributed; 3) a lookalike substance described under section 4.5 of this chapter. *See* Ind. Code § 35-48-4-4.6(a)(4) and (5).

[7] The statute further provides that the trier of fact may consider several relevant factors in determining whether qualified representations have been made, including "statements made by the owner or other person in control of the substance, concerning the substance's nature, use, or effect." Ind. Code § 35-38-4-4.5(b)(1).

[8] B.G. testified that D.G. told him that she could obtain acid from one of her friends and arranged a sale. Once D.G. had the purported acid, she gave it to B.G. in the school cafeteria. B.G. stated that he knew what acid looked like and that it could be a liquid or a tablet in his experience, and that D.G. handed him a small, square tablet. After taking the substance, B.G. reported that it tasted like "nothing, bitterish," and that he had visions and hallucinations for approximately six hours. *Tr. Vol. II* at 13. Indiana appellate courts have affirmed convictions for conduct of this nature in several circumstances. *See. e.g., Conner v. State*, 626 N.E.2d 803, 806 (Ind. 1993) (affirming conviction for defendant who sold plant material to undercover police officer purporting that it was marijuana); *M.Q.M. v. State*, 840 N.E.2d 441, 445 (Ind. Ct. App. 2006) (affirming conviction for possession of substance represented to be controlled substance under I.C. § 35-38-4-4.6 when respondent possessed corn grits and represented them to be cocaine to other students). Our Supreme Court has

recognized that LSD is a "colorless, tasteless, odorless substance." *See Slettvet v. State*, 258 Ind. 312, 258 N.E.2d 806, 808 (1972) (citing 22 A.L.R. 3d 1326 n.1). Thus, the State presented sufficient evidence to secure D.G.'s conviction.

[9] Furthermore, we will neither reweigh the evidence nor judge witness credibility. It is the function of the trier of fact to resolve conflicts in testimony and to determine the weight of the evidence and the credibility of the witnesses. *Jones v. State*, 701 N.E.2d 863, 867 (Ind. Ct. App. 1998). Notably, "'[t]he uncorroborated testimony of a single witness may suffice to sustain the delinquency adjudication.'" *T.G. v. State*, 3 N.E.3d 19, 23 (Ind. Ct. App. 2014) (quoting *D.W. v. State*, 903 N.E.2d 966, 968 (Ind. Ct. App. 2009), *trans. denied*), *trans. denied*.

[10] D.G. argues that B.G.'s denial of using drugs, other than the purported acid and occasional marijuana, was contradicted by his later statement that he consumed mushrooms on the day in question. As such, D.G. contends that B.G.'s testimony lacks credibility. The incredible dubiosity rule applies only when the testimony before the trier of fact is so inherently incredible or improbable that it "runs counter to human experience" and "no reasonable person could believe it." *Edwards v. State*, 753 N.E.2d 618, 622 (Ind. 2001). Application of the rule is "limited to cases where a sole witness presents inherently contradictory testimony which is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the defendant's guilt." *Majors v. State*, 748 N.E.2d 365, 367 (Ind. 2001).

[11] B.G. was the only witness called by the State, but it does not necessarily follow that his testimony meets the requirements of "incredible dubiosity." While B.G. had difficulty remembering exact dates when answering questions in open court, at no point did he contradict that: 1) he agreed to buy acid from D.G. that she said she could get it from her friends; 2) he paid D.G. in advance of the delivery; and 3) D.G. gave him the purported acid in the school cafeteria. B.G.'s testimony was not conflicted as to the actual crime at issue, and his testimony does not rise to the level of inherent improbability that would permit this court to reweigh it.

[12] Affirmed.

[13] Bailey, J., concurs.

[14] Pyle, J., dissents with separate opinion.

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| D.G., | |
| *Appellant-Respondent,* | Court of Appeals Case No. |
| v. | 49A05-1708-JV-1797 |
| State of Indiana, | |
| *Appellee-Petitioner.* | |

**Pyle, Judge dissenting with opinion.**

I respectfully dissent from my colleague's opinion affirming the True finding of the juvenile court. I do not believe that the State presented sufficient evidence to support the True finding.

On March 21, 2017, the State filed a Delinquency Petition alleging that D.G. had committed the criminal act of dealing in a look-a-like substance under INDIANA CODE § 35-48-4-4.6(a). (App. Vol. 2 at 15). This statute provides that "a person who knowingly or intentionally distributes a substance described in

*section 4.5* of this chapter commits a Level 5 felony." I.C. § 35-48-4-4.6(a)(4)

(emphasis added). Section 4.5 provides as follows:

> A person who knowingly or intentionally delivers or finances the delivery of any substance, *other than a controlled substance or a drug for which a prescription is required under federal or state law*, that:
>
> > (1) is expressly or impliedly represented to be a controlled substance;
> >
> > (2) is distributed under circumstances that would lead a reasonable person to believe that the substance is a controlled substance; or
> >
> > (3) by overall dosage unit appearance, including shape, color, size, markings, or lack of markings, taste, consistency, or any other identifying physical characteristic of the substance, would lead a reasonable person to believe the substance is a controlled substance;
>
> commits dealing in a substance represented to be a controlled substance, a Level 6 felony.

(emphasis added).

[17] In this case, the State called one witness, B.G. It did not present any evidence that the substance delivered to and consumed by B.G. was *not* a controlled substance. During closing arguments, D.G.'s counsel argued that the State did not present evidence identifying the substance delivered to B.G., but the juvenile court stated that it did not believe that the State was required to do so. I believe the juvenile court was mistaken. LSD is, in fact, a schedule I controlled substance. I.C. § 35-48-2-4(d)(21). For this, and other reasons, the State was required by statute to prove beyond a reasonable doubt that the item D.G. gave to B.G. was *not*, in fact, a controlled substance. *See In re Winship*,

397 U.S. 358, 365, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Willis v. State*, 983 N.E.2d 670 (Ind. Ct. App. 2013) (the State must prove beyond a reasonable doubt every element of the charged offense).

[18] We find an example of the State meeting this burden in *M.Q.M. v. State*, 840 N.E.2d 441 (Ind. Ct. App. 2006), another juvenile case. In this case, M.Q.M. was at his junior high school where he told several students that he had cocaine in his locker. Those students informed the principal. The principal confronted M.Q.M. and searched his locker. In the locker, the principal found a clear plastic bag containing a white powdery substance and a package labeled "Jim Dandy ® Enriched Quick Grits." *Id*. at 443. Unsure of what the substance was, the principal called the police. "The substance was later determined to be corn grits." *Id*. While the main issue in that case focused on whether representations had been made that the corn grits were cocaine, the State clearly presented evidence that the substance possessed was not a controlled substance.

[19] As a result, because the State did not prove beyond a reasonable doubt that the substance delivered by D.G. to B.G. was not a controlled substance, I would reverse the True finding of the juvenile court.